# SUPREME COURT.

### OTIS AND OTHERS agt. SPENCER AND ANOTHER.

A *county judge* has power, under § 401 of the Code to make an order staying proceedings on a judgment entered upon a report of referees, but *none* to stay proceedings after *verdict*. This section evidently intended to restrict the word " *verdict* " to the finding of a jury.

On appeal from a judgment, section 348 of the Code, after giving the appeal, says, "such an appeal, however, does not stay the proceedings, unless security be given as upon an appeal to the Court of Appeals, or unless *the court or a judge thereof* so order, which order may be made upon such terms as to security or otherwise, as may be just, such security not to exceed the amount required on an appeal to the Court of Appeals." Now a county *judge* has not authority to make an order directing what security shall be given in an action in the *Supreme Court*.

And a judge of this court on making such an order upon a judgment entered upon a report of referees, should be presented with the report, and the exceptions, and the case if one has been made, in order to decide whether there is probable cause for review, *&c.*

*Monroe General Term, January* 1853. *Motion to vacate order to stay proceedings.* The action was noticed for trial and placed upon the calendar at the Circuit Court held in the county of Livingston in October 1852, when it was referred by consent to Scott Lord, county judge of that county, as sole referee, to hear and decide the action. A trial was afterwards had before the referee, who reported in favor of the plaintiffs; upon which judgment was entered for $580·14. damages and costs, and an execution issued thereon to the sheriff of Livingston county.

The defendants' attorney in due time filed and served exceptions, and within the time allowed by law, gave notice of appeal to the general term. On the 10th day of December 1852, the county judge of Livingston county, on application of defendants' attorney, made an order, which, after reciting that the defendants had duly appealed, &c., proceeded as follows: " Now, therefore, let the defendant George C. Spencer, together with one surety who shall justify pursuant to the Code of Procedure,

and the rules of this court in such case made and provided, execute an undertaking to said plaintiffs, to the effect provided by section 335 of the Code of Procedure, and let such undertaking be acknowledged and filed and notice thereof given to said plaintiffs' attorney by mail within ten days from the date of this order; and it is ordered that the said plaintiffs show cause before me at my office in Geneseo, on the 29th day of December 1852, at 10 o'clock A. M., why all further proceedings by and on the part of the plaintiffs on the judgment and execution in this cause (except the prosecution of said appeal) should not be stayed until the hearing and final determination of said appeal, and judgment thereon by said court; and in the mean time, let all further proceedings by or on the part of the said plaintiffs, on the judgment and execution in this action be stayed, and let a copy of this order be served forthwith by mail on the plaintiffs' attorney in this action, and on the said sheriff, or his deputy, having the execution issued in this cause."

It does not appear that any further order was made by the county judge. The defendant Geo. C. Spencer, gave the undertaking pursuant to the directions of the order of the county judge. The notice of this motion is for a rule or order setting aside the said order granted by the county judge, and all proceedings in pursuance thereof, " on the ground that the county judge had no power to grant said order, except that portion staying the proceedings on the part of the plaintiff for twenty days."

S. MATHEWS, *for Plaintiffs.*

S. H. NORTHROP, *for Defendants.*

WELLES, Justice.—I think the county judge had power to make the order staying proceedings on the judgment.

Section 401 of the Code declares that " orders made out of court without notice, may be made by any judge of the court, in any part of the state; and they may also be made by a county judge of the county where the action is triable, except to stay proceedings after verdict." This was not the case of a verdict, but of a report of a referee and judgment thereon. Although the word *verdict,* in a philological sense, embraces the idea of the finding of a referee as well as of a jury upon the question of

fact submitted, yet as used in the Code, and in a legal sense generally, it is understood to be the determination of a jury, upon the matters of fact in issue in a cause, upon the evidence (*Burrill's Law Dict.*, *Verdict; Code*, § 260). That the meaning of the word, as used in § 401, was intended to be restricted to the finding of a jury, is evident, for the reason that by the former practice, and afterwards by statute, a judge of county courts of the degree of counsellor of the Supreme Court, or a Supreme Court Commissioner, had not the power to stay proceedings on a verdict in a suit in the Supreme Court (*Sess. L. of* 1825. *ch.* 220, § 4; 2 *R. S.* 20, § 280). The theory was, and I suppose is still, that where an action had been tried, and a verdict obtained, under the direction of a justice of the Supreme Court or circuit judge, no functionary of a lower grade than those ought to be allowed to prevent the successful party from proceeding to obtain the effect of his verdict. Where a party wishes to review the proceedings at the trial, and to stay his adversary in the mean time, application for such stay should be made to the justice before whom the trial was had, except under very special circumstances. But these reasons are not supposed to apply to the case of a report of a referee.

But that portion of the order of the county judge in this case, which directed what kind of an undertaking should be given by the appellant, was wholly unauthorized and inoperative. Section 348 of the Code, after giving the appeal, declares as follows: " such an appeal, however, does not stay the proceedings, unless security be given as upon an appeal to the court of appeals, or unless *the court or a judge thereof* so order, which order may be made upon such terms as to security or otherwise, as may be just, such security not to exceed the amount required on an appeal to the court of appeals." Here, provision is made for staying proceedings by the appeal, by an order, without security, or with different, or less security than is required where no order is made. But a county judge can not make such order, in an action in the Supreme Court. The expression, "or unless the court or a judge thereof so order," refers to the court in which the judgment appealed from was obtained, or a judge of that court. If the county judge had proceeded on the return of this

Otis and others agt. Spencer and another.

order to show cause, and had ordered the appeal to operate as a stay of proceedings, it would have been a nullity, and the plaintiffs might have disregarded it.   If the appellant gives the security prescribed by § 348, the appeal operates as a stay of proceedings, without an order.   If he does not give such security, the plaintiff or prevailing party may proceed to the collection of his judgment, unless the court in which it was rendered, or a judge thereof, order the appeal to operate as a stay of proceedings.

In this case however, that part of the order in question which I am asked to vacate, was temporary, and has expired by its own limitation.  It was an order to show cause merely, and nothing appears to have been done in pursuance of it, and of course does not affect the plaintiffs proceedings, or stay him in having execution of his judgment, and there is nothing, consequently, to set aside or vacate.   The motion is therefore denied, but without costs.

I am asked now to make the necessary order to stay the plaintiffs' proceedings until the determination of the appeal. This I can not do on the papers before me.   The report of the referee, with the execeptions thereto, and the case, if one has been made, should be presented, in order that it may be seen whether there is probable cause for reviewing the decision of the referee.   And if there is reason for accepting one surety instead of two, as the Code requires, or otherwise dispensing with the requirements of § 348, it should be made to appear.